thank you your honor Matthew Cormack from Davis Polk and Wardwell on behalf of the appellant Ms. Shuler and I'd like to do my best to reserve three minutes for rebuttal. The jury in this case was informed of an alleged tip that two unnamed individuals would be in a car with Ms. Shuler's license plate on a tip further stated allegedly that the woman of the pair would be personally holding the drugs on her body based on a belief that the police were less likely to search a woman. This tip should have been excluded for two reasons first the prejudice far outweigh the probative value which the city actually diminishes interestingly on appeal and second because it was hearsay and the non hearsay purpose for which the defendants tried to use it it's not entitled to any weight because it failed to meet the threshold articulated in Luong. Now I'd like to talk about the prejudice first because I think the defendants argument here on appeal really misses the mark both with respect to the probative value and second the prejudicial impact and those are obviously the two factors that need to be weighed under 403. Now you would expect a party offering evidence against a challenge under 403 would explain why it's really important for its case that the evidence come in and it is essential but the city curiously the opposite and it says actually the tip wasn't what we relied on for probable cause we actually minimized it and put it into context and we don't even think the jury needed to or did use it to determine that probable cause existed. So the defendants themselves on appeal have made the argument that this tip had limited probative value for their own case. I think that's the best evidence that you can have that it had limited probative value. They're the ones offering it into evidence and trying to use it. So then the question turns to what's the prejudicial risk of introducing the evidence and given the limited probative value I think it's a low bar for prejudice but even if it were a high bar this anonymous tip was extremely prejudicial and the city's argument here I think is legally wrong unsupported by anything they cite and it's also troubling the consequences that it could cause. It's legally wrong because the city's argument is that the tip merely suggested that Ms. Shuler was to determine whether she was guilty of selling narcotics therefore there can be no prejudice. That's not the standard for prejudice. In fact it's close to the opposite. Prejudice is when evidence causes the jury to reach a conclusion not driven by the law and the facts. So certainly there was no charge to the narcotics sales. That doesn't mean that accusing her of participating in narcotics sales isn't prejudicial. It's prejudicial because it's the type of evidence. I would say it's a textbook type of evidence that might cause the jury to lack sympathy for Ms. Shuler. To think that Ms. Shuler isn't worthy of prevailing on a civil rights case against the LAPD because she was a drug dealer that was trying to conceal drugs on her body thinking that police would not search a woman and therefore evade detection. In fact the federal rules of evidence have specific rules that limit when you can and can't use past criminal convictions. I think we all realize that if someone is accused of being a criminal you might view them differently. You might judge them in a different way and I think that here there is a strong possibility that the jury concluded that Ms. Shuler was script searched and she deserved it because she was a drug dealer. Now that's the wrong result. That's not the question they were supposed to be answering but that's exactly why the statement was prejudicial and the arguments that the city makes are not to the contrary. Again the actual question of guilt was not at issue. That doesn't mean you're allowed to accuse her of being a criminal. Simply think of the consequences of the argument advanced here by the defendants. In any civil case by definition criminal guilt or innocence is not presented to the jury. The city's argument would mean that there would be no relief available under 403 for a party that's accused of being a criminal in any civil case. I think that's problematic in all range of civil cases but certainly civil rights cases where you would now be opening the door for the defendants and similarly situated parties to figure out ways to get accusations of criminal conduct into the record and there would be under this view of prejudice no prejudice because the criminal conduct is not the issue that is presented to the jury. Let me ask you a question. I don't understand what happened here. Was there any basis short of the tip for the officers to follow and to inquire of Ms. Schuller? Particularly with respect to Ms. Schuller absolutely not because the facts with respect to her are as follows and I'll talk about the hand-to-hand transactions. I think that's important but let's assume that they witnessed Mr. Jones sell narcotics. What they saw was Ms. Schuller in a car with Mr. Jones. He left the car and again the defendants concluded based on their observations that he sold narcotics but I don't think they actually observed that and she had driven away and that was in July and then in October they saw and this is apparently they say that this is consistent with drug activity that she was in a car at an intersection drove it to another location which was a market and they said well that's consistent with drug dealing because if you run out of supply you go somewhere else and that clearly is also consistent with many lawful purposes and Ms. Schuller was getting snacks. So there is absolutely nothing at all in the record to suggest that Ms. Schuller even if you assume that Mr. Jones in fact sold narcotics in July on the corner near his home she had anything to do with it. She had driven away in July and in October there's nothing at all that the officers allege that they observed consistent with criminal activity other than she drove from one location to another which they say is consistent with restocking on a supply of drugs but it's consistent with restocking on a supply of anything. So so I think the answer is a very clear no which is certainly why the prejudice is extreme. From the officer's perspective on that night in question didn't the tip sort of play into the totality of the circumstances when they decided to engage with her? So the city's argument with respect so it is certainly possible that hearsay and this tip as with other hearsay can be considered within the context of the totality of circumstances. At determining whether or not there was probable cause or. Yes so that would mean that it could be relevant. But almost all evidence and I think by definition all evidence considered under 403 is relevant. The question is how relevant is it and if the way that you phrase the question Judge Piazza is from the position of the officers and we know the position of the officers and the way that they describe the relevance of the tip in their papers. So here on page 33 of their brief they say by the time we had gotten to the point of arresting them in October it was an afterthought of the tip because we had already confirmed what we needed to know and that's what justified our probable cause. And in page 38 they say in fact that tip could have been by someone who had a grudge wasn't didn't actually have any knowledge so we didn't rely on it. We didn't arrest them when we received the tip. We didn't even arrest them in July when they claim that they saw the hand to hand drug transaction. So I will readily admit that hearsay and this tip can as a general matter be considered under the totality of circumstances. So it could be relevant evidence but how relevant by the defendants own argument on appeal not very but how prejudicial I would say very prejudicial because it cast Ms. Shuler as a criminal drug dealer. But I also want to if I may touch briefly on the question of hearsay because again it is possible that there is a non hearsay purpose for this tip and that non hearsay purpose is the totality of circumstances considering whether probable cause exists. But under Luong and a lot of these cases come up there's there's actually a lot written because this is something that district courts decide and write about in establish a threshold before the tip can be given any weight. And I would submit if it's not entitled to any weight for the purported non hearsay purpose all that's left is the hearsay. And so here the question is did the corroboration purported corroboration by investigation pass that threshold. I don't think it did. You certainly don't get any credibility of the tip from the person who gave it. We don't know who that is. We don't know how they knew anything that they purport to say. We know absolutely nothing about that. We have the investigation that confirmed a car was at an intersection. That's where cars often are. You have a corroboration that it drove from one place to another. And as I said that's an innocent static detail. The location of the car was near Mr. Jones's home. The defendants say drug dealers are sometimes close to home. Well by definition so is everyone else. That really leads this hand to hand transaction. But I would urge you to compare the facts that the officers observed there to the facts in law. The officers said that based on their experience what they saw was a hand to hand drug transaction just like the officers in Luong said in their experience they saw someone building a methamphetamine lab. But really you saw innocent potentially innocent potentially not innocent interactions among different people. In Luong they bought specialized equipment that was used for methamphetamine and they went back and forth from a home and a shed that the officers thought was the type of place where you would make methamphetamine. Here the activity that they saw from Mr. Jones I believe was similar. And notably they ended up arresting the individuals that they claimed Mr. Jones sold drug to drugs to. And it was only in the how to arrest report that we have the first record of this tip. But those individuals didn't identify Mr. Jones as the person that sold them the drugs. I don't think that that investigation confirmed that they observed that sale. And if there are no more questions I'll reserve my time for a while. Thank you. Thank you, your honors. May it please the court. I'm not even sure where to begin. The plaintiff has relied on a great misstatement of the arguments and facts in order to rely on their argument. So I'm not quite sure in what order to take them. But let's start with the importance of the tip. The argument and I apologize if I didn't articulate this properly but I'm confident I did. We never argued that the tip wasn't important or wasn't part of probable cause. The argument was that more and more of the tip was being corroborated. So the officers weren't relying entirely on the tip. They were relying on the tip as it was further and further corroborated. So the tip wasn't the linchpin of the basis for the arrest. It was part of probable cause and it remains a part of the investigation. Most of the cases the plaintiff relies on for purposes of evaluating the importance of the tip rely almost entirely on the anonymous tip. That's why they get into all this analysis about the importance of the tip and its significance because in most of those cases the tip is all they have. The Luan case in particular the tip doesn't even identify anybody or in fact it's not even clear why they arrested the person in question and the government in that case conceded there was no probable cause based on the tip. They were going on a reasonable good faith. Most of the cases cited by plaintiff in that regard being in a criminal context never addressed the admissibility of the tip. They always address the credibility of it. In this case we have the officers are being accused of improperly searching Ms. Shuler and they have the right to defend themselves based on everything they considered in their probable cause analysis. That includes the tip and they're following investigation which corroborated more and more and more of the details of the tip. So the tip remains an inherent part. In fact it was on the basis of the tip the investigation started in the first place. Now as far as corroboration with regard to Shuler in particular counsel again this states the facts as he did in the brief what the officers observed when they observed the drug sale is they observed Jones getting out of the car what appeared to be negotiating the drug deal getting back into the car having some sort of interaction which they couldn't see the details of with Ms. Shuler and then getting out again and performing what they observed to be a sale of drugs and that that that interplay the negotiating getting back in getting the drugs and getting back out is very consistent as the officers testified with a drug dealer because they don't the people who are negotiating the deal want to have drugs on them as for a shorter period as possible because they want to narrow their possible exposure. So it's the getting in and out which made it. Below that and the observation that when someone's regularly selling drugs out of a car the person who's regularly with them generally knows about it. But it was the getting in and out of the car that was the officer's thought was particularly important. And immediately when it keeps leaving that out of their description of the event they then arrested those two individuals who both had crack cocaine on them further corroborating that a sale had taken place. Now in the prime the time it took to process those two arrests Jones and Shuler had left the scene. It wasn't as if they there was a decision not to arrest them. You can only arrest so many people at a time and that's that was just a consensus how it happened. Apparently plaintiff takes great significance the fact that one of the officers then went on maternity on parental leave because that was the gap in between that observation the later arrest. But as soon as the officer came back on duty he followed up. And once again consistent with the tip. Shuler and Jones are parked at this intersection a behavior which frankly has never been explained at any time but for the selling of drugs. Mr. Jones mother lives near there but that's no explanation for whether continually parked at this intersection because it'd be one thing if he was driving back and forth but for some reason he's repeatedly parked at this intersection for no apparent reason. No explanation is ever offered. But based on the observations the tip and the observation of actual drug sale the officers had probable cause to proceed. Now interestingly counsel makes the argument oddly that the more you corroborate an anonymous tip the less relevant the tip becomes because now you have this investigation to rely on. And I guess if you don't corroborate the tip it's not admissible it's not corroborated but you do corroborate the tip then it's not admissible because then it's no longer necessary. I guess counsel's position is that anonymous tips are never admissible because apparently either way you go they're not. And that's that just doesn't make any sense. More importantly in terms of a larger picture of how the anonymous tip and the probable cause works it's it's not it's not under skewed that hearsay is admissible. In fact the rules of evidence don't apply in a probable cause hearing that's that's in the rules of evidence itself which means that in order to establish probable cause in a criminal context the officers are allowed to rely on a certain body of evidence to show probable cause. But then according to counsel if they're challenged in a civil rights proceeding some of that evidence gets taken away. Some of those facts get deleted. They're allowed to rely on a certain body of evidence to show probable cause in a criminal context. But apparently some of those things get taken out if it's hearsay or something else because now in a civil context the officers are less able to protect themselves than they are to show probable cause. And that of course is nonsense. Whatever was used to establish probable cause in the criminal context the officers are allowed to use in a civil context to show how they reach the conclusion of probable cause. It goes oddly for the argument I guess this is plaintiff's prejudice argument is that this anonymous tip is so credible that of course the jury would conclude that Mrs. Shuler was probably participating in drug sale. But if that's the case then that makes that then of course you consider the tip and counsel seems to be considering that tip is credible if the tip isn't credible the jury is not going to buy it. The jury heard all the evidence about anonymous tips about whether it was recorded and all of that was testified to extensively in cross-examination. The jury has the ability to understand the importance or lack or potential weaknesses in an anonymous tip and to make the adjudication as to whether that's sufficient to support probable cause. And that's the process that took place here. Officer Marin credibly admitted he didn't go out and arrest them based on the anonymous tip because by itself that wasn't enough. But it wasn't enough to start the investigation. And as he investigated more and more he corroborated more and more pieces. They were they in fact were regularly parked at this intersection for reasons no one's ever bothered to try to explain. And it's the two people who matched the description in a specific car and specific license plate. More and more the tip is sounding more and more credible. And then they observe what appears to be and all the evidence seems to confirm an actual drug sale in which Mrs. Shuler appears to be participating because of there was this negotiating back in the car and back out again. That clearly ties her into this whatever whatever transaction is taking place. She's apparently involved. It's at least enough for probable cause. I'm sorry I lost my train of thought. So clearly there's an unhearsay purpose. The purpose is to establish probable cause. The officers had a reasonable basis for probable cause to make this arrest. I don't see how that's even in question. The rules of evidence would say that the hearsay doesn't even apply with regard to a probable cause analysis and whatever. And then so the officers should be able to rely on that in defending themselves against a civil lawsuit. So clearly it's part of the probable cause analysis. Maybe that maybe the anonymous tip isn't particularly credible. Maybe the jury finds that the officers couldn't rely on it. But that's how the jury decides whether there was probable cause. The jury to make the decision of what the officers did was reasonable has to know what the officers did what they had and what they considered. Otherwise somehow the officers are being handicapped in defending themselves in a way that just isn't fair. Now with regard to the prejudice I mean the prejudice argument is just odd to me because counsel is apparently arguing that this tip is so credible that anyone hearing the tip would believe that Schuller was involved in selling drugs which  I don't understand what the other prejudice is. The whole argument the whole issue before the jury is whether or not there was probable cause all of the evidence that the officers offered observing the drug sale having 80 80 plus one dollar bills all crumpled up in the car again in a manner that was never explained but is very consistent with a series of small drug sales. All of that evidence indicates that that Schuller and Jones were involved in selling drugs. And under plaintiff's theory I guess it's all prejudicial because it goes to show that they might be engaged in drug dealing and that would make them look bad. But that's the point of a probable cause analysis is to look at the evidence that shows that they might be guilty at least there's some reason to believe a basis for arrest and a search. That's the point of all the evidence the officers offered including the tip. If there was some weakness in the tip or some weakness in the other evidence that was what the trial was for was to establish that for plaintiffs to attack as they saw fit and all of that process was done and the jury made its determination. So this this this exercise by plaintiffs and sort of pulling things out of thin air giving partial parts of a record using criminal a criminal context and somehow influence a civil context. These things don't apply for all the reasons we've described in the brief. It's pretty straightforward. The officers had probable cause. They made the arrest. They did this very well. According to the jury they did the search. In a civil case they're entitled to defend themselves by showing what they considered in deciding there was probable cause and that includes the anonymous tip. There's no basis and plaintiff has found no case cited no case whatsoever and I found none that has said that that's an anonymous tip or any tip is somehow it should somehow be excluded in a civil case in a probable cause analysis. There are some other cases where these things are excluded for other reasons. For example there was a there was a firearms case where an allegation of drug abuse or dealing in drugs was excluded because it was irrelevant to the firearms charge. Circumstances like there was another one with a with a with a tin in a casket oil in it and it was excluded not because it was presidential it was excluded because it was found in an illegal search and the fruits of an illegal search get excluded. There are reasons why evidence might be excluded but none of them apply in this case. In this case it's a very straightforward probable cause analysis which the defendant relied upon. I think otherwise in terms of the individual cases they all generally fall into the category of criminal cases determining if there's sufficient evidence of probable cause. They all consider the tip because that's part of the analysis. There's no reason this case should be any different. I think otherwise the issues are described well in the brief unless the panel has any questions. I don't have your receipt so we'll hear from the panel. Thank you. I think Mr. Walsh seems to articulate that the rules of a probable cause hearing before a district court are exactly the same rules of evidence that apply in a civil rights trial challenging probable cause. And I don't think that's right and I think there is a very clear and well understood difference between what is presented to a judge whether it be probable cause, a bench trial or some other instance in which the judge is acting as the finder of fact because judges given their specialized training are familiar with concepts like hearsay and the idea that the tip is not subject to cross examination. And we allow a judge to consider meaning bring it in, hear it and then dismiss it. But we don't allow juries to do that in the same way because we understand that human nature necessarily makes that a difficult thing to do particularly for a group of lay individuals without training. So it is emphatically not the case that while the rules of evidence are suspended or modified significantly in a probable cause hearing that that means that the same is true in a civil rights 1983 suit. The rules of evidence must still apply. So for hearsay to come in it must meet an exception. It must have some evidentiary value for that purpose. And importantly rule 403 is not suspended in a civil rights case. There must be some weighing of the relative value with respect to probable cause and the prejudice. And here again I don't think I'm mischaracterizing Mr. Walsh's brief. You can look at page 33 where he says the officers didn't need that tip. It's not what they were relying on because they had already confirmed what they thought was important. If that's the case the tip then becomes cumulative. It's not adding anything to the question of probable cause. But what it is doing is injecting an idea that Ms. Shuler is part of this criminal conspiracy. And that addition is highly prejudicial to her. It's a very simple balancing under 408 and I believe that it justified excluding this.  Judge Piaz I think you're muted. Mr. Corbett I'm sorry. Yes. From my from our records in the docket in this case it appears that you're part of you took on this case as part of our pro bono program. That's right. We wish to express our gratitude and willingness to participate in the program. Thank you and I'd also like to thank the support from Davis Polk and the wonderful Ninth Circuit staff for all their support as well. Great. And we also appreciate the city attorney's argument and both arguments. Thank you both very much. The matter is submitted at this time. Thank you. Thank you.
judges: Paez, Gleason, Vandyke